### STEVENSON v. CHICAGO & A. R. Co.

*(Circuit Court, D. Missouri.  October Term, 1883.)*

1. PERSONAL INJURY — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — RAILROAD EMPLOYES.

    In cases of unexpected and immediate danger, calculated to affect the judgment of him who is to meet it, a mistake made in his movements is not negligence.

2. SAME—ACTS OF CO-SERVANTS.

    The acts of the plaintiff's co-servants *held*, for the purposes of this case, and to determine whether the plaintiff was guilty of contributory negligence, to be the acts of the plaintiff.

At Law.

*Tichenor, Warner & Dean*, for plaintiff.

*McFarlane & Trimble* and *Gardiner Lathrop*, for defendants.

KREKEL, J., *(charging jury.)*   Mary Stevenson sues the Chicago & Alton Railroad Company for killing her husband, Charles Stevenson. The cause of action, as stated in the declaration, is as follows: On the twenty-seventh day of February, 1883, Charles Stevenson, the husband of plaintiff, was in the employ of one Mead, who controlled an elevator on the grounds of the Chicago & Alton Railroad Company, and while engaged in unloading a car, using due care, was killed by the negligent running of a car of the defendant railroad company against the car Stevenson was unloading.   The railroad company, in answering the charges made, denies all neglect, and avers that Stevenson, by his own carelessness, contributed to the injury of which he died.   These pleadings, both declaration and answer, have been criticised.   For the purposes of this trial they may be taken as sufficient, leaving any further consideration, if necessary, to be settled hereafter by the court.

The question you are to determine is, was the defendant railroad company neglectful in the performance of its duty, and did such neglect cause the death of Charles Stevenson?   The plaintiff, the widow of Charles Stevenson, charges such neglect, and is bound to prove the charge to your satisfaction.   The law does not presume negligence.   Among the material points to be determined is the condition of the cars as they stood upon the corn track on the morning of the twenty-seventh of February, 1883.   Were they coupled and properly secured by brakes?   If they were, and the additional cars which were afterwards set upon the same track were handled

with due care, defendant is not liable. For interferences, if any, by other than the railroad company employes, the company is not liable. If the employes of the railroad company either failed to make the coupling or to set the brakes so as to secure the cars on the track, and one of them became detached in consequence of their neglect and ran down the track, injuring the plaintiff's husband, the company is liable, unless Stevenson contributed to the injury himself, as hereafter pointed out. From the mere coming down of the car, without any fault or neglect on the part of the employes of the railroad company, you cannot infer negligence. You must be satisfied from the evidence that such coming down of the car was caused by some fault or neglect on the part of the employes of the railroad company.

Passing to the question of contributory negligence, you are instructed as follows: The railroad company, in its defense, says that the deceased, Stevenson, by his own acts contributed to his injury, and that the company, on that account, is not liable. This contributory negligence the railroad company charges on Stevenson, and must prove the same to your satisfaction. The deceased, Stevenson, had a right, in the pursuit of his employment, to go upon any part of the track of the railroad company to do the work in which he was engaged, but in doing so he was bound to use ordinary care. If the car coming down the track struck and injured Stevenson while engaged in his employment, without fault of his own, the company is liable, unless due care had been taken to secure the cars on the track, as already charged. In cases of unexpected and immediate danger, calculated to affect the judgment of him who is to meet it, a mistake made in his movements is not negligence. Thus, if you shall find from the evidence that the coming down of the car might reasonably cause apprehension of danger, and under the influence thereof the deceased attempted to pass between the cars and was caught thereby and injured, such an act is not an act of negligence on his part.

If, on the other hand, you shall find from the evidence that the deceased, Stevenson, or any one of those who were engaged with him in moving and unloading cars, removed the brakes from one or more of the cars standing on the corn track, or uncoupled one or more of them, and that in consequence thereof the car came down on the track, which otherwise it would not have done, and that the injury to the deceased resulted from this cause, such acts constitute contributory negligence. It makes no difference whether Stevenson or those who were engaged with him in removing cars interfered with them as stated. The acts of any of those who worked with Stevenson in removing cars, for the purposes of this case, are the acts of Stevenson; and if interferences, as charged, took place, it is contributory negligence, and the verdict should be for the defendant.

Stevenson had the right to be on the corn track of the railroad to repair his shovel, if he did so, and it is not contributory negligence on his part if he took the ordinary care and precaution against the

usual and ordinary danger of his employment.   What the duties of a railroad company setting a string of cars upon a grade, as to coupling and the setting of brakes, are, we have no satisfactory evidence, nor as to the obligations of persons engaged in moving cars in such a condition; that is, whether they are bound to see that the cars remaining on the track are properly secured.   We have to pass upon the case as presented by the evidence, leaving these matters for further consideration of the court, if necessary.

If you find the issue for plaintiff, you will say so in your verdict, and fix the amount of damages at $5,000.

If you find the issues for the defendant, your verdict will be accordingly.

The present plaintiff has the same rights as her deceased husband would have had, and no others.